IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR224 |
| vs. | ORDER and FINDINGS AND RECOMMENDATION |
| MYLON MAYFIELD and ROBERT COKES, | |
| Defendants. | |

This matter is before the Court on the Motion to Sever (Filing No. 40) and the Motion to Dismiss (Filing No. 42) filed by Defendant, Robert Cokes. Cokes filed briefs in support of both motions. (Filing No. 41; Filing No. 43). The government filed responses opposing both motions. (Filing No. 45; Filing No. 46). For the following reasons, the undersigned magistrate judge recommends that Cokes' Motion to Dismiss be denied, without prejudice, and orders that Cokes' Motion to Sever be denied as moot.

## BACKGROUND

On June 12, 2017, Mylon Mayfield was charged in a criminal complaint with knowingly transferring a firearm to a prohibited person (acting as a confidential informant), on March 3, 2017, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2). (Filing No. 1 in Case No. 8:17MJ208). Mayfield was arrested on June 13, 2017, and placed on pretrial release on June 14, 2017. (Filing No. 6 and Filing No. 10 in Case No. 8:17MJ208).

The government alleges that on June 15, 2017, the day after Mayfield was placed on pretrial release, Mayfield and Cokes jointly made a Facebook live video "address[ing] Mayfield's arrest, the underlying charges associated with the arrest, and the government's use of a confidential informant," and made threats/urged others to hurt the confidential informant. (Filing No. 46). The same date, Magistrate Judge Susan Bazis signed arrest warrants and a criminal complaint charging both Mayfield and Cokes with witness tampering pursuant to 18 U.S.C. § 1512(a)(2)(A), arising out of the Facebook live video.

On June 21, 2017, a grand jury returned an Indictment charging Mayfield in Count I with knowingly transferring a firearm to a prohibited person on March 3, 2017, in violation of 18

U.S.C. §§ 922(d)(1) and 924(a)(2), and charging both Mayfield and Cokes in Count II with witness tampering pursuant to 18 U.S.C. § 1512(a)(2)(A), arising out of the Facebook live video. (Filing No. 19).  Cokes has filed the instant Motion to Dismiss the Indictment, arguing that his prosecution violates his First Amendment right to freedom of speech.

Cokes also filed a motion requesting that the Court sever his trial from Mayfield's trial, and to sever the counts in the Indictment so that Mayfield is tried on Count I alone.  (Filing No. 40).  After Cokes filed this motion, on September 8, 2017, Mayfield entered a guilty plea to Counts I and II, which plea was accepted by United States District Judge Robert F. Rossiter, Jr. (Filing No. 50, Filing No. 52).  Because Mayfield has entered guilty pleas and will not stand trial, Cokes' Motion to Sever will be denied as moot.

## ANALYSIS

Cokes is charged in the Indictment under 18 U.S.C. § 1512(a)(2)(A), which criminalizes the use of "physical force or the threat of physical force against any person . . . with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding[.]"  18 U.S.C. § 1512(a)(2)(A).  Cokes filed the instant motion to dismiss, arguing that this statute is unconstitutional as applied to him because the statements he made in the Facebook live video were protected speech under the First Amendment.  (Filing No. 42).

Cokes argues his statements in the Facebook video were merely "hypothetical statements" and "rhetorical hyperbole," which are protected speech under the First Amendment pursuant to *Hustler Magazine v. Falwell*, 485 U.S. 46, 51 (1988) and *Milkovich v. Lorain Journal*, 497 U.S. 1, 17 (1990).  (Filing No. 43 at pp. 1, 3).  Cokes asserts his speech did not constitute a "true threat," as he did not contact or intend to contact the confidential informant, nor did he have the present ability to carry out any threats.  (Filing No. 43 at pp. 1-2). Conversely, the government argues that Cokes' statements were not protected speech, but were instead threats similar to the phrase, "snitches get snitches," which other courts have found constituted threats sufficient to uphold convictions for witness tampering.  (Filing No. 45 at p. 3).

"To establish a violation of witness tampering under § 1512(a)(2)(A), the government must show [the defendant] used or threatened physical force with the intent of curtailing [a witnesses'] involvement in his prosecution."  *United States v. Gavin*, 583 F.3d 542, 548 (8th Cir. 2009) (citing *United States v. West*, 303 Fed. Appx. 156, 157 (4th Cir. 2008)).  The Eighth

2

Circuit Court of Appeals has found that "[i]n the proper context," the phrase "'snitches get stiches' may imply that violent reprisal should and will befall those who cooperate with law enforcement" and "would cause a reasonable person who is cooperating with investigators to fear bodily harm." *United States v. Colhoff*, 833 F.3d 980, 985 (8th Cir. 2016). "Other courts have upheld convictions for witness tampering or witness intimidation based on this exact phrase." *Id.* Convictions under § 1512(a)(2)(A) have been upheld in instances "when defendants attempted to intimidate jailhouse snitches and informers." *Gavin*, 583 F.3d at 548 (citations omitted).

Cokes filed the instant Motion to Dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(1), which provides, "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969). "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Fed. R. Crim. P. 12(d). "Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that 'fall[ ] within the province of the ultimate finder of fact.'" *Turner*, 842 F.3d at 605 (quoting *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994)). Courts may not make factual findings on a pretrial motion "when an issue is 'inevitably bound up with evidence about the alleged offense itself.'" *Id.* (quoting *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998)).

In *Turner*, the Eighth Circuit concluded a district court committed reversible error by definitively ruling on a defendant's pretrial motion to dismiss, which raised the affirmative defense that the statute he was charged under was unconstitutionally vague as applied to the facts of the case. *Turner*, 842 F.3d at 604-05. The defendant in *Turner* was charged with possession of a firearm by an unlawful drug user. In order for the district court to rule on the defendant's as applied constitutional challenge, the district court had to determine whether the defendant had engaged in "regular drug use" at the time he possessed the firearm. *Id.* The Eighth Circuit found that the district court could not make that determination "without resolving factual issues related to his alleged offense[.]" *Id.* Therefore, "the court should have deferred ruling until trial." *Id.*

In this case, in order to rule on Cokes' as applied constitutional challenge, both parties ask the Court to characterize Cokes' statements as either "threats" (unprotected speech), or "not threats" (protected speech). As the Eighth Circuit noted in *Colhoff*, whether or not the phrase "snitches get stitches" constitutes a threat depends on "the proper context." *Colhoff*, 833 F.3d at 985. Determining whether Cokes' statements in the Facebook video constituted threats, or whether they were mere hyperbole, would require the Court to review the video, analyze the statements made by Cokes, and consider evidence surrounding the circumstances and context under which the statements were made. This is the very same determination that must be made by the ultimate finder of fact. See *Turner*, 842 F.3d at 605 (concluding that courts may not make factual findings on a pretrial motion "when an issue is 'inevitably bound up with evidence about the alleged offense itself.'"). Because Cokes' as applied constitutional challenge cannot be ruled on without resolving factual issues related to the alleged offense, a definitive ruling on Cokes' motion at this stage of the proceedings would be premature. Therefore, the undersigned recommends that Cokes' motion to dismiss be denied, without prejudice to reassertion at trial. Accordingly,

**IT IS ORDERED:** Defendant's Motion to Sever (Filing No. 40) is denied as moot; and

**IT IS HEREBY RECOMMENDED** to United States District Judge Robert F. Rossiter, Jr., that Defendant's Motion to Dismiss (Filing No. 42) be denied, without prejudice.

Dated this 12th day of September, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any party may object to a magistrate judge's order or findings and recommendation by filing a statement of objections within fourteen (14) days after being served with the order and findings and recommendation. The party must specify the parts of the

4

order and findings and recommendation to which the party objects and the legal basis of the objections. Failure to timely object may constitute a waiver of any objection.